BRYAN TRUCK LINE, INC., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

(No. 73-777—Decided April 24, 1974.)

Messrs. *Sanborn, Brandon & Duvall* and *Mr. James Duvall*, for appellant.

*Mr. William J. Brown*, attorney general, *Mr. Keith F. Henley*, *Mr. Marvin I. Resnik*, *Messrs. Stiverson & Alden* and *Berry & Kirk Co. L. P. A.*, for appellees.

*Per Curiam.* The certificates sought by the applicants would permit them to provide the same services which appellant is already authorized to provide. The decisional mechanism to be followed in such a situation is described in *Motor Service Co.* v. *Pub. Util. Comm.* (1974), 37 Ohio St. 2d 1, 305 N. E. 2d 788, as follows:

"R. C. 4921.12, read in conjunction with R. C. 4921.10, provides a two-tier process for the granting of a new certificate of public convenience and necessity in certain cases. Where an applicant seeks authority to furnish service over an irregular route or territory, and there exists a certificate holder already authorized to provide that service, the applicant must first show a need for its proposed additional operation. Such a showing by the applicant necessarily involves a demonstration that the service being offered by the existent carrier fails, in some respect, to adequately meet the public convenience and necessity. If the commission agrees, after notice and hearing, that the current certificate holder's service is deficient, the commission must afford the holder a reasonable time within which to improve its service before granting the applicant's request. In practice, an order is issued requiring the holder to remedy any deficiencies within 60 days. Thereafter, another hearing is held to determine whether that carrier has complied with the commission's order. This compliance hearing represents the second tier of the process required by R. C. 4921.-12."

*Motor Service Co.* involved an appeal from an order as to the second tier of the process. The present case involves an appeal from an order as to the first tier.

An applicant for an irregular route certificate of public convenience and necessity to transport property from

and to a specific location assumes the burden of proving not only that there is a need for such service, but also that the granting of the application will correct any deficiency in the service provided the public by an existing certificate holder. *Mohawk Motor* v. *Pub. Util. Comm.* (1967), 11 Ohio St. 2d 238, 228 N. E. 2d 611. If there is no evidence in the record to support a finding that an applicant has sustained those burdens, or if such a finding is manifestly against the weight of the evidence, a decision by the commission favorable to the applicant will be reversed as unreasonable. *Mohawk Motor* v. *Pub. Util. Comm., supra; Mohawk Motor* v. *Pub. Util. Comm.* (1953), 159 Ohio St. 77, 110 N. E. 2d 909; *D. G. & U. Truck Lines* v. *Pub. Util. Comm.* (1953), 158 Ohio St. 564, 110 N. E. 2d 587.

The record in the present case discloses that there is a need for prompt, less-than-truckload freight service from and to Bryan, Ohio. However, according to the commission's findings of fact, a public need was demonstrated for *overnight* less-than-truckload service. Predicated upon this finding, the commission concluded that a public convenience and necessity had been demonstrated by the applicants for overnight transportation of less-than-truckload freight shipments, and appellant was ordered to provide this service. Additionally, the commission ruled that each applicant could provide the needed service, and therefore their applications would be granted if appellant failed to comply with the improvement order.

Assuming that there is sufficient evidence in the record to support the commission's finding of a need for overnight, less-than-truckload service from and to Bryan, Ohio, the record is totally devoid of any evidence that either applicant would, if its application for a certificate were granted, provide the overnight service. The order of the commission is unreasonable and unlawful, and is, therefore, reversed.

*Order reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.